## JOHN FRANCIS FURMAN
vs.
## NATIONAL DAIRY PRODUCTS CORP., ET AL.

| Superior Court | Hartford County | File #55529 |
|---|---|---|

Present: Hon. FRANK P. McEVOY, Judge.

| Pallotti & Covello, | Attorneys for the Claimant. |
|---|---|
| Millard Bartels, | Attorney for the Respondent. |

**MEMORANDUM FILED MAY 13, 1937.**          123 Conn. 327

McEVOY, J.   In this action the claimant seeks to re-cover compensation from the employer.   It is undisputed that the claimant was employed by the respondent and that, while so employed and while in the course of his employment, the claimant was so afflicted that, by reason of the affliction he became and still is disabled.

The claimant asserts that certain untoward incidents arising out of his employment induced a condition which disabled him.

There was little conflict about the precedent facts.

Upon conflicting evidence the Commissioner found that the claimant was afflicted by cerebral thrombosis; that this condi-tion or result was not occupational in its nature, and, finally, that "the claimant did not sustain any accidental or traumatic injury which arose out of and in the course of his employ-ment."   (Par. 12 Finding).

The Commissioner found in favor of the respondent and dismissed the claim.

The claimant has filed nine reasons of appeal of which six complain of the refusal of the Commissioner to correct the Finding as to certain alleged factors.

The ruling of the Commissioner on the Motion to Correct the Finding, while terse, is nevertheless explicit and its detail shows a careful consideration and comparison of the claims so detailed.

It is not expedient nor constructive to require that the Finding of the Commissioner set out the found facts as meticulously as the claimant requests.

. It is sufficient if the Finding does fairly present a composite of the evidence—fairly and with due regard to the rights of the parties.

It is found by this court that Reasons of Appeal one to six inclusive are not such as to require either corrections, alterations or recommittal of the Finding to the Commissioner for further action by him.

Reasons of Appeal seven to nine inclusive are really complaints that, on diverse medical testimony, it seemed to the Commissioner more probable than otherwise that the conclusions expressed by the medical authorities offered on behalf of the respondent were the correct conclusions upon all of the facts.

The whole record is a most interesting one. It shows that the claimant advanced a definite theory and that, in support of that theory, a thorough presentation of evidence and of argument was made on his behalf.

The record also shows that the claimant is seriously disabled and that his claim was made and is pressed in good faith.

The conclusion of this Court upon the whole record may very well be expressed in the language of Judge Jennings in **Scaglia vs. Pierietti Brothers, New London, May 28th, 1935,** as follows:

"This case was fully briefed for the Appellant. It is hard to believe that anything in medical or legal history was overlooked. The fact is, however, that the case cannot be retried in the Superior Court. The Finding supports the Award. An examination of the evidence makes it impossible to correct the Finding in any material particular. There was perfectly definite evidence that the death was due to a thrombosis which was caused by a pre-existing condition and that the work of the deceased was not a substantial factor in producing his death."

The appeal is dismissed. Judgment may enter accordingly.